# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

In re:

ALBERT M. GLAUDE, III, and
BARBARA A. GLAUDE,                    Case No: 14-01106

     *Debtors.*

---

GILBERT D. COYE,

     *Plaintiff,*

v.                                    Adv. Proc. No: 14-00048

ALBERT M. GLAUDE, III, and
BARBARA A. GLAUDE,

     Defendants.

## ORDER SUSTAINING PLAINTIFF'S OBJECTION TO DISCHARGEABILITY

     J. Willis Garrett, Attorney for Plaintiff, Mobile, AL
     Albert M. Glaude, III, Defendant, Mobile, AL

This matter is before the Court on the objection of Plaintiff Gilbert D. Coye to the

dischargeability of the debt owed him in the case of Albert M. Glaude, III and Barbara A.

Glaude. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(I), and the Court has authority to enter a final order. For the following reasons, the

Plaintiff's objection to dischargeability is due to be SUSTAINED.

### FACTS

On or about July 25, 2005, the Plaintiff delivered a cashier's check for $15,000 to the

Defendant Albert Glaude. The money was to be used as a down payment for the purchase of a

Case 14-00048    Doc 19    Filed 12/23/14    Entered 12/23/14 16:56:49    Desc Main
Document    Page 1 of 6

home. The home was owned by a friend of Mr. Glaude's. The transaction failed to close and Mr. Glaude did not return the down payment to Mr. Coye.

While the parties disagree about the timing, at some point in 2005, Mr. Coye lived in the Glaudes' home for about six months. After his home purchase failed to close, Mr. Glaude leased a different house for Mr. Coye. Mr. Coye was to pay rent to Mr. Glaude. Mr. Coye testified by affidavit that he paid the first month's rent and thereafter the parties agreed that the rent would be deducted from the escrowed funds Mr. Glaude continued to hold. Mr. Glaude testified that the Plaintiff stopped paying rent and moved out several months later.

In May of 2006, Mr. Coye contacted the owner of his rental home to inquire about purchasing the property. During that conversation he discovered that the Glaudes were leasing the home for $500 per month but charging him $600 per month. Mr. Coye testified that the Glaudes had represented to him that they were renting the property to him at cost. Mr. Coye felt "ripped off" and contacted an attorney in connection with the matter.

Mr. Coye's attorney spoke with Mr. Glaude on the phone. Mr. Glaude's response to the conversation was in essence "so sue me." Following the conversation, the attorney sent a letter to the Glaudes on or about August 2, 2006. The letter stated that the Glaudes owed Mr. Coye $11,000.00 of the $15,000.00 that Coye had delivered to them. (Mr. Coye appears to have deducted eight months of rent from the original amount to reach the $11,000.00 figure). Further, the letter stated that Mr. Coye felt he was owed punitive damages for the Glaudes' "breach of trust and fraudulent conduct."

Mr. Coye sued the Defendants in the Circuit Court of Mobile County for conversion and fraud. The Defendants were served on August 1, 2007. Ms. Glaude answered the complaint by writing a letter to the court generally denying the allegations. The case was set for trial April 16,

Case 14-00048    Doc 19    Filed 12/23/14    Entered 12/23/14 16:56:49    Desc Main
Document    Page 2 of 6

2009. At the trial, the Plaintiff submitted an affidavit attesting to the facts of the case. The Defendants did not appear at the trial. Mr. Glaude testified that they were unaware of the trial date. A default judgment was entered against the Defendants awarding Mr. Coye $11,000.00 on the conversion count and $15,000.00 on the fraud count (this amount included punitive damages). Mr. Claude testified that he was not aware at the time that a judgment had been entered against them.

## LAW

The Plaintiff brought this action against the Defendants objecting to dischargeability of the debt owed him under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4) . The Plaintiff must prove the elements of his claim by a preponderance of the evidence. *Equitable Bank v. Miller*, 39 F.3d 301, 304 (11th Cir. 1994). Objections to discharge of a debt are to be strictly construed against the creditor and liberally in favor of the debtor. *In re Shusteric*, 380 B.R. 58, 63 (Bankr. M.D. Fla. 2007).

Collateral estoppel principles apply in nondischargeability actions brought pursuant to § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284, note 11 (1991). To invoke collateral estoppel a party must show that "(1) the issue in the previous action and the present action is identical; (2) the issue was actually litigated in the prior action; and (3) resolution of the issues was critical and necessary to the earlier judgment." *In re Sullivan*, 2011 WL 1980545, *3 (Bankr. S.D. Ala. 2011). Generally, default judgments are not given preclusive effect because in a default scenario the "actually litigated" requirement is not met. *In re Wald*, 208 B.R. 516 (Bankr. N.D. Ala. 1997). There is an exception to this general rule where a penalty default judgment was entered. A penalty default may be entered when a defendant substantially participates in litigation and

demonstrates bad faith in the process by, for example, "purposeful evasion of service, refusal to participate in discovery, [or] willful failure to appear for trial." *Id.* at 552.

In *In re Wald*, the court found that a debtor's participation in a state court suit was not extensive enough to warrant application of collateral estoppel. There, as here, "the defendant answered the plaintiff's complaint, appeared at the initial hearing . . . and elected not to defend the case thereafter or to oppose the entry of default judgment." *Id.* at 553. The *Wald* court found that the state court default judgment was not a penalty default because it was not based on opprobrious conduct by the defendant. Similarly, the Defendants' conduct in the state court action at issue here does not demonstrate an intent to "impede, obstruct, or hinder" the state court proceedings. Therefore, the state court default was not a penalty default and should not be given preclusive effect. Having determined that the state court action was not "actually litigated," the Court will not apply collateral estoppel to the state court judgment.

1.

Section 523(a)(4) – Fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny

Section 523(a)(4) states that an individual debtor is not discharged from any debt: "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). Embezzlement under § 523(a)(4) is the "fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *In re Sullivan*, 2011 WL 1980545, *3 (Bankr. S.D. Ala. 2011) (citations omitted). To establish an embezzlement claim, the Plaintiff must show "property rightfully in the possession of the nonowner; (2) nonowner's appropriation of the property to a use other than which [it] was entrusted; and (3) circumstances indicating fraud." *Id.* (citations omitted).

4

The Plaintiff submitted an affidavit attesting to the facts of the case.[1] He testified that he delivered $15,000.00 to the Defendants as a down payment on a house. Mr. Glaude corroborated this account. While he did not initially remember the full amount of the check he had received, he did not contest the amount when presented with a photocopy of a cashier's check (No. 2465260) written to Albert Glaude III from Gilbert Delphin Coye. This evidence establishes the first element of the claim—that the Glaudes were rightfully in possession of Mr. Coye's money.

After the home purchase failed to close, the Defendants retained the down payment. The parties agree that the money was never used to buy a house for Mr. Coye. Mr. Coye testified that $4,000.000 of the money was properly used to pay his rent, but he argues that the remaining $11,000.00 was wrongfully appropriated by the Defendants. In May of 2006, Mr. Coye requested an accounting of the escrowed funds from the Glaudes. They told him that they were holding $5,495.00. Mr. Glaude could not offer any information about how he came up with that figure. None of it has been returned to Mr. Coye.

The Defendants did not explain what happened to the $11,000.00. At trial, when asked how much of the down payment funds he thought he owed Mr. Coye, Mr. Glaude said "nothing." He testified that he gave $6,000.00 to the owner of the home that Mr. Coye had offered to purchase, but which had failed to close and suggested that Mr. Coye owed the Glaudes the remainder of the money on account of having lived with them for six months.

Based on the testimony, the Court finds that the Plaintiff has established the second element of the claim. While it is not clear what happened to the $11,000.00 at issue, from the circumstances the Court can assume that Mr. Glaude appropriated it to his own use. Mr. Glaude offered no evidence as to why he would have turned over funds to the owner of the home that

---

[1] There was no objection to the admission of the affidavit into evidence. Without this affidavit, the facts necessary to establish the nondischargeability of the debt at issue were not established. The debtors acted as their own lawyer and must suffer the consequences.

failed to close. Further, while living with the Glaudes was certainly of value to Mr. Coye, Mr. Glaude offered no evidence that the parties ever contemplated or discussed a rent arrangement. Because Ms. Glaude is Mr. Coye's niece, it is understandable that Mr. Coye might not expect to be charged for staying with them absent some explicit agreement. Therefore, the Court finds that the Defendants appropriated the $11,000.00 to their own use.

Finally, the Court finds that the circumstances indicate fraud. Mr. Coye testified that Mr. Glaude represented that he was a real estate agent and, in this capacity, could help him buy a home. Mr. Glaude is not a real estate agent. Further, Mr. Coye testified that the Defendants misrepresented the amount of rent they were charged for a house that they sublet to Mr. Coye. The Defendants did not deny this. Lastly, Mr. Glaude testified that he held the $15,000.00 as a down payment for a house. He could offer no credible explanation for why this money was never returned to the Plaintiff. These facts are circumstances that indicate fraud.

Based on the foregoing, the Court finds that Plaintiff's objection as to dischargeability under § 523(a)(4) is due to be SUSTAINED, and having found that the debt is nondischargeable under § 523(a)(4), his claim under § 523(a)(2)(A) is moot. Therefore, it is ORDERED and ADJUDGED that the $11,000 debt owed by the Defendants is nondischargeable.


Dated:   December 23, 2014


MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE